IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL T. KNIGHT, #235913            *
                    Plaintiff,
            v.                        *            CIVIL ACTION NO. WDQ-08-2428

JOHN G. NEWBY, M.D. LABORATORY        *
    DIRECTOR
DR. ALI, ORTHOPEDIC P.A. MEDICAL      *
    DIRECTOR
                    Defendants.       *
                                   *****

## MEMORANDUM

I. *Background*

This *pro se* 42 U.S.C. § 1983 prisoner civil rights action, received for filing on September 17,

2008, seeks compensatory damages for "negligent capacity performance."  The Complaint is not a

model of clarity.  It names two physicians as Defendants and alleges that although Plaintiff sustained

an injury to the ring finger of his right hand on January 23, 2006, he was not seen for the injury and

pain until January 30, 2006, at which time he was ordered an x-ray.  Paper No. 1.  Plaintiff

complains that although the x-rays were completed on February 7, 2006, he never received the true

test results but was instead verbally informed by Dr. Ali that the test results were negative.  *Id.*

Plaintiff states that he is in serious pain and is in need of emergency surgery.  He contends that that

the medical provider did not take his injury seriously, refused to order surgery, and provided him

medication which "cannot help [the] injury of a bone."  *Id.*  Plaintiff claims that he cannot hold

anything inside his hands due to the "negligence" of these individuals. *Id.*

Defendant Newby has filed a Motion to Dismiss.[1]  Paper No. 11.  This dispositive pleading was followed by Plaintiff's Opposition and Newby's Reply.  Paper Nos. 17 & 18.  A hearing is not needed to resolve the issues presented in the matter.  *See* Local Rule 105.6. (D. Md. 2008).  For reasons which follow, the Court will deny Newby's Motion, but will dismiss the Complaint.

II.  *Standard of Review*

    *Motion to Dismiss*

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'"  *Id*. at 1966 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal  conclusions."  *IFAST, Ltd. v. Alliance Solution Telecommunications Industry*, 2007 WL 3224582 *3 (D. Md. 2007).

---

[1]  Service of process was not effected  on Dr. Ali.

2

III.  *Analysis*

Newby seeks dismissal of the action, arguing that Plaintiff's action is one sounding in medical negligence and should be dismissed for the failure to exhaust remedies before the Maryland Health Care Alternative Dispute Resolution Office as required under Md. Code Ann., Cts. & Jud. Proc. § 3-21-02(a).  Paper No. 11.  He therefore asserts that the Court lacks jurisdiction over the matter.  *Id.*

In his Opposition Plaintiff contends that he has "stated a claim upon [which relief from the] Health Care Alternative Dispute Resolution Office of Maryland can be granted."  Paper No. 17.  He claims that on January 23, 2006, he sustained a torn tendon in the fourth finger of his right hand while playing football, rendering him unable to fully flex the "terminal interphalangeal joint affecting the grip of [his] right hand."  *Id.*  He maintains that due to the "negligence" of Maryland Correctional Training Dispensary Department and Defendant Newby's own private agency provider, Dr. Ali, he suffered great injury, pain, and emotional distress due to "wrong diagnoses treatment decision."  *Id.*

Plaintiff claims that he had to fill out five sick-call requests and waited weeks and months. He asserts that Ali's medical diagnosis was wrong and he should have scheduled Plaintiff for surgery to reattach the torn tendon.  Plaintiff claims that Ali's plan was only to continue self-physical therapy and heat treatment, which did not improve his injuries.[2]  Plaintiff appears to claim

---

[2]        The only medical record provided to the Court is furnished by Plaintiff.  His opposition materials show that he was given anti-inflammatory medication and referred for x-rays of his right ring finger and right knee due to alleged injuries sustained on January 23, 2006. Paper No. 17 at Exs.1-13. The results of the February 7, 2006 x-ray showed no significant bony abnormalities to the knee and no acute bony trauma to

that subsequent consultations diagnosed him with a fracture to his right hand and referred him to a hand surgeon.  He accuses Newby of failing to exercise reasonable care.[3]

This is a court of limited jurisdiction.   It does not typically adjudicate state tort claims, with the exception of such claims filed pursuant to this Court's 28 U.S.C. § 1332 diversity jurisdiction.  Plainly, the parties in this case are not diverse.  They all reside in Maryland.   Therefore, Plaintiff may not move forward in this Court with a claim involving only issues of tort liability.[4]

The Court does take jurisdiction over civil rights claims raised under 28 U.S.C. § 1343.  While this Complaint was filed on 42 U.S.C. § 1983 civil rights forms, at no point does the Complaint or Opposition raise a constitutional claim under the Eighth Amendment.   Even affording Plaintiff's *pro se* allegations a generous construction, they rest in medical negligence and misdiagnosis.[5] "[A]ny negligence or malpractice on the part of ....doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference."  *Johnson v. Quinones* 145 F. 3d 164, 166 (1998).  Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not

---

the finger.  *Id*.  Plaintiff apparently received another x-ray in May of 2006, which showed no fracture or dislocation.  *Id*.  He continued to complain about the flexion of his right hand, it appearing that he was unable to make a complete fist.  *Id*.  He was instructed to conduct self-flexion extension exercises.  Plaintiff was seen by a physician in the Chronic Care Clinic in July of 2007, because he was unable to fully flex the interphalangeal joint.  *Id*.  Physical therapy and heat treatment was recommended.  *Id*.

[3]      Plaintiff's Opposition makes repeated references to citations under Maryland tort law.

[4]      In seeking dismissal of the case under Rule 12, Newby solely addresses the pendant issue of exhaustion of state remedies under Maryland law.   That argument is, however, a red herring.  This case was filed on § 1983 forms.  The true issue before the Court under Rule 12 (b)(1) & (6) is whether a claim of constitutional dimension has been alleged.

[5]      While the Court is under an obligation to liberally construed  a *pro se* complaint, it is not required to act as an advocate for a pro se litigant.  *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978).

present. *Id.* at 169.   Put simply, negligent medical diagnoses or treatment, without more, does not contravene the Eighth Amendment.  *See Sosebee v.* Murphy, 797 F.2d 179, 181 (4th Cir. 1986).

Plaintiff's own records show that x-rays of his finger revealed no dislocation or fracture and he was given anti-inflammatory medications and placed on a regimen of physical therapy and heat treatment.   No constitutional claims are raised.   Rather, Plaintiff continues to set forth only allegations of misdiagnosis and negligence.

IV.    *Conclusion*

For the aforementioned reasons, Defendant Newby's Motion to Dismiss shall be denied.  The Complaint against the Defendants[6] shall be dismissed without prejudice.[7] A separate Order follows.


Date  August 6, 2009                     _____/s/_____
                                         William D. Quarles, Jr.
                                         United States District Judge

---

[6]        It would appear that Plaintiff only named Newby and Ali as Defendants.  The docket shall be amended accordingly.

[7]        To the extent that Plaintiff wishes to raise constitutional claims against properly named medical providers regarding ongoing problems with his finger, his complaint will be dismissed without prejudice.